## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

KIMBERLY BOGEL,

        Plaintiff(s),

v.

GEICO GENERAL INSURANCE COMPANY,

        Defendant(s).

2:14-CV-506 JCM (VCF)

### ORDER

Presently before the court is plaintiff Kimberly Bogel's motion to remand. (Doc. # 8). This matter was initially filed in Nevada state court on February 21, 2014. After defendant Geico Gen. Ins. Co. ("Geico") removed the case on April 3, 2014, the plaintiff filed a motion to remand, arguing the defendant failed to satisfy the amount in controversy requirement of 28 U.S.C. § 1332. (Doc. # 8). Defendant filed a response in opposition. (Doc. # 12).

**I.    Background**

The plaintiff was involved in an automobile accident on December 29, 2011, and she informed the defendant that she had incurred $20,125.94 in medical costs as a result of this event. The plaintiff stated the other driver involved in the automobile collision, Jose Rapanot, was underinsured and the plaintiff sought payment per her uninsured and underinsured automobile insurance plan with Geico. The plaintiff received $25,000 from Mr. Rapanot's insurance company.

. . .

**James C. Mahan**
**U.S. District Judge**

On February 21, 2014, the plaintiff filed a complaint in state court alleging breach of contract, breach of the implied covenant of good faith and fair dealing, violation of Nevada insurance trade policies, refusal to pay insurance benefits, and punitive damages. For relief the plaintiff seeks "a sum in excess of $10,000[]" each for general, specific, and punitive damages as well as attorney fees, interest, and any alternative or additional remedy. (Doc. # 1). Notable for the purposes of this motion, base values of monetary relief have been specified, yet a maximum aggregate value remains unarticulated.

The defendant later petitioned for removal under 28 U.S.C. § 1441(b), arguing that federal jurisdiction under 28 U.S.C. 1332 was appropriate. On April 10, 2014, the plaintiff filed a motion to remand, urging that the defendant's petition for removal was inadequate to satisfy the amount in controversy requirement of that statute because any calculation of damages above $75,000 was "speculative." (Doc. # 8). The defendant, in a response to the motion to remand, argued that its petition for removal was supported by evidence including cases where punitive damages caused the amount in controversy to surpass $75,000.

**II. Discussion**

*A. Legal Standard*

An action filed in state court may be removed to federal court if the federal court would have had original subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). Subject matter jurisdiction exists over suits between citizens of different states where the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). The removal statutes are construed restrictively, and doubts regarding the viability of removal are resolved in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Where the complaint does not establish the amount in controversy, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007).

James C. Mahan
U.S. District Judge

- 2 -

*B. Analysis*

As the complaint asks the court for an amount "in excess of $10,000[]" each for general, special, and punitive damages as well as attorney fees or alternative remedies, the plaintiff has not identified a specific amount in controversy. Thus, the defendant must show the relief sought by the plaintiff satisfies 28 U.S.C. § 1332(a) by a preponderance of the evidence. *Sanchez*, 102 F.3d at 404.

The defendant asserts the motion to remand "provided numerous cases with jury verdicts as evidence that punitive damages, if awarded, may be far in excess of the jurisdictional limit." (Doc. # 12). However, the court agrees with the plaintiff that the defendant does not properly analogize to the facts of those cases to show why that result may occur in the present case. Similarly, the defendant asserts, "[I]t is apparent from the type of damages alleged in the [c]omplaint that the amount in controversy is in excess of $75,000 . . . ." (Doc. # 1). However, "[c]onclusory allegations as to the amount in controversy are insufficient." *Matheson v. Progressive Specialty Ins. Co.* 319 F.3d 1089, 1090-91 (9th Cir. 2003).

Moreover, the defendant states in its petition for removal, "The pertinent question the [c]ourt is to ask is whether or not [p]laintiff is likely to ask a jury for an amount above $75,000[]." *See Canonico v. Seals*, No. 2:13–cv–00316–RCJ–NJK, 2013 WL 1787191, at *1-2 (D. Nev. Apr. 25, 2013). In neither the petition for removal nor the response to the motion to remand does the defendant provide adequate evidence to show the plaintiff in this case would satisfy this criterion. Furthermore, in *Canonico* the plaintiff argued that his past and future medical expenses as well as property damage alone would surpass $50,000, even without considering the value of additional claims such as pain and suffering or loss of enjoyment of life. *Id*. at 2. There, the plaintiff's statement served as evidence of an amount in controversy "floor" that approached $75,000 even without considering additional claims. *Id*. Here, the defendant presents no such evidence of the plaintiff's intent to ask a jury for damages in excess of $75,000.

In addition, the defendant's reference to *Manthei v. Northwestern Mut. Life Ins. Co.* is not persuasive. (Doc. # 1). In *Manthei*, the court's satisfaction that the insurer had shown punitive damages may cross the $75,000 threshold relied in part on the parties' mutual agreement that the

James C. Mahan
U.S. District Judge

- 3 -

amount in controversy for breach of contract amounted to the specific sum of $71,082. *See Manthei v. Northwestern Mut. Life Ins. Co.*, No. 2:13–cv–1218–APG–NJK, 2014 WL 497004, at *2-3 (D. Nev. Feb. 6, 2014). Here, no such explicit claim amount closely bordering $75,000 is demonstrated.

Finally, the defendant's reference to the court order on the motions for bill of costs and attorney's fees in *Tracey v. Am. Family Mut. Ins. Co.* also fails to satisfy the defendant's evidentiary burden. Although like in *Tracey*, the plaintiff here does allege a violation of NRS § 686A.310, the defendant provides no additional factual parallels between the two cases. *Tracey v. Am. Family Mut. Ins. Co.,* No. 2:09–CV–1257–GMN–PAL, 2010 WL 5477751, at *1 (D. Nev. Dec. 30, 2010). Notably, the order states "[p]laintiff provided sufficient evidence at trial that it was forced to litigate the matter because [d]efendant failed to timely pay the policy limits." *Id*. at *6. The defendant did not illustrate similarities between the evidence presented in *Tracey* that was persuasive to that jury and the circumstances of the current case.

Moreover, not only has the defendant failed to illustrate factual similarities between other cases and the instant matter but also there is an abject lack of relevant evidentiary exhibits in both the petition for removal and the opposition to plaintiff's motion to remand. Therefore, because the defendant has not demonstrated that the amount in controversy is greater than $75,000 by a preponderance of the evidence, the court will grant plaintiff's motion to remand.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs' motion to remand (doc. # 8) be, and the same hereby is, GRANTED.

DATED May 27, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -